UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Shanna Domond

                                   Plaintiff

-against-

Lawyers Recovery Systems,
LTD, d/b/a/ C.L.X; and Colex
International, d/b/a C.L.X.      Defendant

_____ X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 21 2005 ★

LONG ISLAND OFFICE

Docket No.
CV 05 5967
WEXLER, J.
ORENSTEIN, M.

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

        Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

        1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; negligence and gross negligence; as well as New York General Business Law.

## II. JURISDICTION AND VENUE

        2. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202 and New York State law. Injunctive relief is available pursuant to New York State law.

Venue in this District is proper in that the Defendants transact business in this District; and the Plaintiff resides in this District.

### III. PARTIES

3. Plaintiff, Shanna Domond, is a natural person residing in Kings County New York.

4. Defendant Lawyer's Recovery Systems, Inc. (**LRS**) is a New York Corporation engaged in collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. LRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). LRS is doing business under the name C.L.X..

5. Defendant Colex International (Colex) is a New York Corporation engaged in collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. COLEX is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). COLEX is doing business under the name C.L.X..

6. The alleged debt of Plaintiff was incurred for personal, family, or household services.

7. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. At some point prior to January 2005, Plaintiff underwent necessary dental procedures. Said procedures were performed by GL Dental Practice. Plaintiff was covered by a health insurance policy for such dental procedures. On information and belief such dental procedures were paid for by said health insurance policy.

10. On or about January 25, 2005, Defendants sent a letter to the Plaintiff alleging that Plaintiff owed $895.00 to GL Dental Practice. (Exhibit A).

11. Exhibit A falsely threatens Plaintiff with a lawsuit if said bill is not paid.

12. On or about May 6, 2005 Defendants sent a letter to Defendant (Exhibit B). Exhibit B falsely threatens Plaintiff with a lawsuit if Plaintiff did not pay such bill. Exhibit B falsely states that this would be the final attempt to collect the alleged debt.

13. On June 22, 2005 Defendants sent a letter to Plaintiff (Exhibit C). Exhibit C falsely threatens Plaintiff with a lawsuit if Plaintiff did not pay the alleged debt.

14. On October 21, 2005 Defendant sent a letter to Plaintiff (Exhibit D). Exhibit D falsely threatens Plaintiff with a lawsuit if Plaintiff did not pay the alleged debt.

15. On November 20, 2005 Defendant sent a letter to Plaintiff (Exhibit E). Exhibit E falsely threatens Plaintiff with a lawsuit if Plaintiff did not pay the alleged debt. Exhibit E falsely states Exhibit E would be the final attempt to collect the alleged debt.

## V. CAUSES OF ACTION UNDER THE FDCPA

16. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

17. Defendant's actions and omissions as described herein violated numerous provisions of the FDPCA including but not limited to the following:

   A. Defendants violated 15 U.S.C Section 1692e;

   B. Defendants violated 15 U.S.C. Section 1692e(2);

   D. Defendants violated 15 U.S.C. Section 1692e(3);

   E. Defendants violated 15 U.S.C. Section 1692e(5)

   F. Defendants violated 15 U.S.C. Section 1692 e(10);

   H. Defendants violated 15 U.S.C. Section 1692 f;

   I. Defendants violated 15 U.S.C. Section 1692 f(1); and

   J. Defendants violated 15 U.S.C. Section 1692d.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

18. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. Defendants, actions as detailed above violate the New York General Business Law Section 349 et seq. Defendant's violations include, but are not limited to the following:

   A. Defendants misrepresented the amount and status of the legal status of the alleged debt;

   B. Defendants misrepresented that imminence of legal action;

   C. Defendants misrepresented that they intended to bring legal action to attempt to collect the alleged debt;

   D. Defendants misrepresented that they were authorized to bring legal action to attempt to collect the alleged debt.

20. On information and belief, Defendant regularly utilizes form letters and practices substantively equivalent to the letters and practices utilized by Defendants in this case. On information and belief other citizens of New York are the victims of said form letters and practices. Defendants' actions have a broad impact on New York consumers at large.

## VII. NEGLIGENCE AND GROSS NEGLIGENCE AS RELATED TO ALL DEFENDANTS JOINTLY AND SEVERALLY

21. Plaintiffs repeat and re-allege and incorporates by reference to the foregoing paragraphs.

22. Defendants actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

23. Defendants actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants' actions were willful, malicious, and reckless. Defendants actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

24. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## VIII. DAMAGES

25. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered, mental anxiety and emotional suffering. In addition, the Plaintiff has incurred

and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiffs' rights and well being.

26. As a result of Defendants' willful and malicious actions and as a result of their extreme wanton disregard for Plaintiffs' rights, the Plaintiffs are entitled to punitive damages from Defendants.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendants, for the following:

1. Declaratory judgment that Defendants' conduct violated the FDCPA;

2. Declaratory judgment that Defendants' actions constitute negligence;

3. Declaratory judgment that Defendants' actions violate New York General Business Law;

4. Declaratory judgment that Defendants' actions constitute gross negligence;

5. A permanent injunction prohibiting future violations of any of Plaintiff's rights under federal or state law;

6. Actual damages pursuant to the FDCPA;

7. Statutory damages pursuant to the FDCPA;

8. Costs and reasonable attorney's fees pursuant to the FDCPA;

9. General damages regarding the claim for negligence;

10. Special damages regarding the claim for negligence;

11. Actual damages regarding the claims for negligence;

12. Nominal damages regarding the claim for negligence;

13. Punitive damages regarding the claim for negligence;

14. General damages regarding the claim for gross negligence;

15. Special damages regarding the claim for gross negligence;

16. Actual damages regarding the claims for gross negligence;

17. Nominal damages regarding the claim for gross negligence;

18. Punitive damages regarding the claim for gross negligence;

19 Actual damages under the New York General Business Law;

20 Statutory damages under the New York General Business Law;

21. Attorneys fees and costs under the New York General Business Law.

22. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
631 Montauk Hwy. Ste. 6
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff

# C.L.X. Recovery Systems

775 Park Avenue • Suite 360
Huntington, NY 11743
Tel. (888) 216-3230 • (631) 271-2300
Fax (631) 271-2395

January 25, 2005

DOMOND, SHANNA
PO BOX 250683
BROOKLYN, NY 11225

RE:         GL DENTAL PRACTICE
ACCOUNT#    DO0022
AMOUNT:     $ 895.00

This office represents the above named client. Your account with them is seriously past due, and we are writing this letter to you in an attempt to assist you in correcting the situation before we are compelled to recommend further action.

There are many reasons people fall behind in their bills. The economy, loss of job, illness, over extension of credit, reduction of income and inflation are just a few that quickly come to mind. However, we believe that given the opportunity, most people will attempt to straighten out their problems and pay their bills. That is the reason for this letter.

No one wishes to sue to recoup their money. Law suits are costly for all parties concerned and loss of good will and good credit is difficult to retrieve. However, ignoring your debt can only be interpreted as refusal to make restitution. We wish to give you every opportunity now to correct your past-due account.

Unless you inform us within thirty (30) days from receipt of this notice that you dispute the validity of any portion of this debt, we will assume that this debt is valid. Should you forward to us notice of any dispute, we will send additional verification of the debt to you.

In addition, should you request in writing within thirty (30) days, we will send to you the name and address of the original creditor if it is different from the current creditor. This communication is from a debt collection service. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

All payments should be made to C.L.X. RECOVERY SYSTEMS. We have enclosed for your convenience a self-addressed envelope.

Sincerely,

*Lina Politano*

Lina Politano (Extension 603)
LP:mc

Exhibit A

# C.L.X. Recovery Systems

P. O. Box 20750
Huntington Station, NY 11746
Toll Free (800) 831-8279
Fax (800) 831-8402

*FTC Complaint Reference # 7014912*

May 6, 2005

DOMOND, SHANNA
PO BOX 250683
BROOKLYN, NY 1122

RE:      GL DENTAL PRACTICE
REF#:    DO0022
AMOUNT:  $ 895.00

This is a final attempt to collect the above debt. We have tried to accommodate you by accepting monthly payment arrangements in which you have failed to keep.

Should we not hear from you within 10 days from the date of this letter, we will have no alternative but to commence further action to collect this outstanding balance.

Should you wish to discuss this, please contact me at the above listed number.

Unless you inform us within thirty (30) days from receipt of this notice that you dispute the validity of any portion of this debt, we will assume that this debt is valid. Should you forward to us notice of any dispute, we will send additional verification of the debt to you.

In addition, should you request in writing within thirty (30) days, we will send to you the name and address of the original creditor if it is different from the current creditor. This communication is from a debt collection service. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Thank you.

Sincerely,

*Lina Politano*

Lina Politano (Extension 603)
LP:mc

*Exhibit B*

# C.L.X. Recovery Systems

P. O. Box 20750
Huntington Station, NY 11746
Toll Free (800) 831-8279
Fax (800) 831-8402

---

June 22, 2005

DOMOND, SHANNA
PO BOX 250683
BROOKLYN, NY  1122

RE:         GL DENTAL PRACTICE
ACCOUNT#:   DO002
AMOUNT:     $ 895.00

We have not gotten a response from you in reference to the above matter.

If we do not hear from you within ten days from the above date, we will have no alternative but to recommend that our client pursue further action in this matter. Contact our office immediately to avoid more serious action and to rectify this matter in an amicable fashion.

Unless you inform us within thirty (30) days from receipt of this notice that you dispute the validity of any portion of this debt, we will assume that this debt is valid. Should you forward to us notice of any dispute, we will send additional verification of the debt to you.

In addition, should you request in writing within thirty (30) days, we will send to you the name and address of the original creditor if it is different from the current creditor. This communication is from a debt collection service. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

*Lina Politano*

Lina Politano (Extension 603)
LP:mc

Exhibit C

# C.L.X. Recovery Systems

P. O. Box 20750
Huntington Station, NY 11746
Toll Free (800) 831-8279
Fax (800) 831-8402

October 21, 2005

DOMOND, SHANNA
PO BOX 250683
BROOKLYN, NY  1122

RE:          GL DENTAL PRACTICE
ACCOUNT#:    DO0022
AMOUNT:      $ 895.00

To date, we have yet to receive a response from you in reference to the above matter.

If we do not hear from you within ten days from the above date, we will have no alternative but to recommend to our client that this matter be pursued in the courts. Should our client be awarded a judgment through this action, you will be held liable for all costs incurred.

Unless you inform us within thirty (30) days from receipt of this notice that you dispute the validity of any portion of this debt, we will assume that this debt is valid. Should you forward to us notice of any dispute, we will send additional verification of the debt to you. In addition, should you request in writing within thirty (30) days, we will send to you the name and address of the original creditor if it is different from the current creditor

This communication is from a debt collection service. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

*Lina Politano*

Lina Politano (Extension 603)

LP:in

Exhibit D

# C.L.X. Recovery Systems

P. O. Box 20750
Huntington Station, NY 11746
Toll Free (800) 831-8279
Fax (800) 831-8402

November 20, 2005

DOMOND, SHANNA
PO BOX 250683
BROOKLYN, NY 1122

RE:         GL DENTAL PRACTICE
ACCOUNT #:  DO0022
BALANCE:    $ 895.00

Please be advised that this is a final notice to attempt to collect this debt. If we do not hear from you within ten (10) days from the above date, we will recommend that this account be forwarded to a New York state based attorney for litigation.

At that time you will be charged for any other legal fees which occur. These charges will be added to the above balance.

Should you wish to repay this debt, please call me at the above number at my extension to make suitable arrangements.

**This communication is from a debt collection service. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.**

Please be aware that this is a final notice.

Sincerely,

*Lina Politano*

Lina Politano (Extension 603)
LP:tn

Exhibit E